IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL COSME-TORRES, on his own
behalf, and on behalf of his minor children,
JESUS JOEL, JOEL AND RAPHET LEE
COSME-GALINDEZ

Plaintiffs

vs                                                                    CIVIL 07-1702CCC

PUERTO RICO ELECTRIC POWER
AUTHORITY;
ABC INSURANCE COMPANY
MUNICIPALITY OF TOA BAJA
DEF INSURANCE COMPANY

Defendants

**O R D E R**

Before the Court is plaintiff's Motion in Limine to Exclude Medical Records and Dr. Rodolfo Alcedo as Witness filed on May 4, 2009 (**docket entry 178**) and defendant Puerto Rico Electric Power Authority's (PREPA) opposition filed on June 15, 2009 (docket entry 194).  The medical records refer to doctors and nurses notes at the Toa Baja Medical Center or the Puerto Rico Medical Center and the basis for exclusion is F.R.E. 803(4). Alternatively, movants argue that these records are not admissible under the excited utterance exception pursuant to F.R.E. 803(2) or under F.R.E. 807 which provides the standard for circumstantial trustworthiness.  Movants do not discuss the admissibility of the evidence under F.R.E. 801(d)(2)(A) which provides in material part that "a statement is not hearsay if . . . the statement is offered against a party and is ... his own statement, in either his individual or a representative capacity...."  Movant challenges the admissibility of all excerpts from the medical records that made reference to minor plaintiff Jesús Joel Cosme-Galíndez' remarks related to his getting copper pieces from a fence the night of the accident or similar comments such as that he was taking out copper from a transformer when he received an electrical shock or that he recalls going to an abandoned commercial building with a brother and friend looking for copper to sell it.  Plaintiff also raises a F.R.E. 403

CIVIL 07-1702CCC                                    2

objection claiming the probative value of the medical notes is substantially outweighed by

the confusion of issues created.  He points to inconsistencies in the notes, pointing out that

one same note reads that the electrical shock entered through the right hand but that the

right hand was not affected.

Regarding Dr. Rodolfo Alcedo, the contention is that he does not have personal

knowledge about the facts of this case.  Since the Court finds that the minor plaintiff's

statements to Dr. Alcedo and other doctors or nurses at the Toa Baja Health Center and the

Puerto Rico Medical Center and its pediatric hospital are admissible as an admission of a

party opponent under F.R.E. 801(d)(2)(A) if defendant PREPA as proponent of the evidence

establishes a sufficient foundation, we will not discuss its inadmissibility under F.R.E. 803(2),

803(4) or 807.  Suffice it to say the hospital records which include alleged statements of the

minor regarding the removal of copper just before the incident occurred are inadmissible

under both Rules 803(2) and 803(4).  The only notes that make reference to the copper

removal activity are those made at the Puerto Rico Medical Center, not at the Toa Baja

Health Center.  It should be clarified that these last notes refer only to the extent of the burns

which are described as electrical burns with transformer.  Regarding this specific note, the

same is admissible under Rule 803(4).

As to the admissibility of the remaining challenged notes as an admission of Jesús

Joel Cosme-Galíndez, the Court of Appeals in Onujiogu v. United States, 817 F.2d 3, 6 (1st

Cir. 1987), a similar case as the one at bar where an emergency room nurse's note

contained a statement that "patient pulled pot of hot water into himself and mother."  The

Court concluded that the excerpt was admissible under Rule 801(d)(2)(A), concluding that

"the adult plaintiff's assertion of the manner in which the incident occurred as set forth in the

Nurse's Notes was by definition not hearsay."  Id., at p. 6.  There, the excerpt from the

hospital record had been admitted by the district court directly without any foundation

CIVIL 07-1702CCC                            3

testimony.  The Court of Appeals, however, noted "that the finding anent the origins of the statement is not seriously disputed on appeal." Id., at p. 5.

In our case, plaintiff Cosme-Galíndez has strongly disputed that he made such a statement at the hospital.  In plaintiffs' opposition to PREPA's motion for summary judgment (docket entry 143-2) filed on July 22, 2008, they averred in the Opposing Statement of Material Facts that "plaintiffs Jesús Joel and Lee Raphet Cosme Galíndez and their friend Francisco Saúl Jorge Montalvo were not at the electrical transclosure cabinet at the old Toa Baja CDT to steal copper" but rather ". . . were playing hide-and-seek when they went to the electrical transclosure cabinet at the old Toa Baja CDT."  Plaintiffs' Opposing Statement of Material Fact (docket entry 143-2), at p. 9, ¶¶ 16-17.  Their challenge to the statements attributed to Jesús Joel was supported with their depositions and that of eyewitness Francisco Saul Jorge Montalvo.

> As explained by Professor Imwinkelried,
>
> In civil cases, the foundation for personal admissions is very simple.  The foundation includes these elements:
>
> 1. The witness heard a declarant make a statement.
>
> 2. The witness identifies the declarant as the present party-opponent.
>
> 3. The statement is inconsistent with the position the party opponent is taking at trial.

Edward J. Imwinkelried, Evidentiary Foundations, § 10.03[2][b], pp. 426-27 (7th ed. 2008).

Dr. Rodolfo Alcedo is the only witness announced by PREPA to provide the foundation for the admissibility of the Critical Care Note dated August 7, 2006 at 1:25 A.M. All the other notes essentially repeat that Jesús Joel Cosme-Galíndez was getting or removing copper when he received an electric shock.  More importantly, these notes either have no signature or an illegible signature except for the consultation note of Dr. Manuel Rozón dated August 7, 2006 and the discharge note from the University Pediatric Hospital written by him on August 29, 2006.  There is information on the record that Dr. Rozón

CIVIL 07-1702CCC                              4

passed away.  Defendant PREPA knew since the filing of plaintiffs' opposition to its motion

for summary judgment that the statements attributed to the minor plaintiff regarding getting

copper from the building was disputed; therefore, since that moment they should have

identified the foundation witnesses other than Dr. Alcedo regarding the remaining notes.

Having failed to do this, the only excerpt or note of the hospital records that contains a

mention of the minor plaintiff getting or removing copper that will be allowed is the Critical

Care Note of Dr. Alcedo who has been announced as a trial witness by PREPA.  All other

notes in the medical records that make reference to statement by Jesús Joel Cosme-

Galíndez regarding his getting or removing copper are inadmissible for lack of foundation

to establish the admission of a party opponent.

Finally, we address the F.R.E. 403 argument against the Alcedo note.  Faced with this

same argument in Onujiogu, the Court of Appeals concluded that "the Nurse's Note was of

exceedingly high probative value" which outweighed the prejudicial effect claimed.  Id., at

p. 6.  There, as here, the note contained a description by the plaintiff of the manner in which

the accident occurred.  The Court of Appeals found that the same had a direct bearing on

the central issue in the case.  In this case, the centrality lies in PREPA's defense of the

case, that is, the comparative negligence and the Supreme Court of Puerto Rico case

regarding the effect of illegal behavior stemming from a crime or fault that may render

defendant immune to civil liability.  See Ramos-Oppenheimer v. Leduc, 103 D.P.R. 342

(1975).

For the reasons stated, the Motion in Limine to Exclude Medical Records and Dr.

Rodolfo Alcedo as Witness (**docket entry 178**) is DENIED as to the Critical Care Note

signed by Dr. Rodolfo Alcedo and as to Alcedo's testimony and GRANTED as to all excerpts

contained in the hospital records of plaintiff Jesús Joel Cosme-Galíndez which refer to his

taking or removing copper from a building.  Accordingly, redacted hospital records from

which the statements attributed to plaintiff Jesús Joel Cosme-Galíndez regarding the copper

CIVIL 07-1702CCC                                    5

removal activity are deleted as well as the hospital record containing the Alcedo note are

allowed.  Defendant PREPA shall redact the records in conformity with this Order before

they are marked as exhibits.

SO ORDERED.

At San Juan, Puerto Rico, on July 10, 2009.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge